#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JERI A. C.,[1] )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>**Acting Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>_____) | **CIVIL ACTION**<br><br>**No. 21-1233-JWL** |

#### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614, Title II and Title XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.    Background**

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Plaintiff protectively filed applications for DIB and SSI benefits on June 4, 2019. (R. 10, 211, 213). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ failed properly to asses the severity of Plaintiff's mental impairments at step two of the sequential evaluation process and when assessing Plaintiff's residual functional capacity (RFC).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the

Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

**II.    Discussion**

Plaintiff claims the ALJ erred in finding her mental impairments not severe at step two and further erred "by failing to explain how the mild limitations in the ability to carry out basic work activities affected the ability to perform past relevant work at the skilled and semi-skilled level."  (Pl. Br. 9).  Plaintiff argues the evidence demonstrates she is more than minimally limited by her mental impairments because Dr. Gray opined she had a moderate limitation in overall functional capacity and "a mild limitation retaining information and effectively carrying out instructions that are multi-step and complex," id. (citing R. 609), and Dr. Hutchins noted she had anxiety about her heart and health, and

4

she had reduced her stress by quitting her job. (Pl. Br. 10). She argues none of the normal or mild findings relied upon by the ALJ to determine Plaintiff's mental impairments are not severe preclude finding some limitations and the ALJ failed to explain why the abnormal findings did not demonstrate more than a minimal effect on her ability to perform basic work activities (why they "were belied by the normal findings"). Id. Plaintiff also argues the ALJ's assessment of the medical opinions was erroneous because he relied on inconsistencies in Dr. Gray's opinion that did not exist and he did not resolve material inconsistencies and ambiguities or explain why he did not adopt the opinions which conflict with the RFC assessed. Id. at 10-11.

Plaintiff argues that even if the step two finding that her mental impairments are not severe was correct, remand is still necessary for one of two reasons. Either because the ALJ did not perform a function-by-function assessment of her mental impairments in his RFC assessment and did not include any mental limitations in the RFC assessed. Id. at 12-13. Or, even if it was proper to include no mental limitations in the RFC assessed, remand is necessary because the ALJ "did not address the impact of [Plaintiff's mental] impairments on her ability to perform semi-skilled and skilled work activities." Id. at 14 (citing Richard De La T. v. Saul, Civ. A. No. 20-1070-JWL, 2020 WL 6798771, at *3 (D. Kan. Nov. 19, 2020); and Leah A.D. v. Saul, Civ. A. No. 19-1223-JWL, 2020 WL 2849475, at *5 (D. Kan. June 2, 2020); and Program Operations Manual System ("POMS") DI 25020.010 as discussed in those cases).

The Commissioner argues substantial evidence supports the ALJ's finding no mental limitations and that Plaintiff was able to perform her past relevant skilled and

5

semiskilled work. (Comm'r Br. 5-6). She argues the ALJ's evaluation of Dr. Gray's medical opinion is supported by substantial evidence. Id. at 7. She argues the ALJ explained his understanding of Dr. Gray's opinion and that it does not opine regarding any moderate mental limitations, but rather mild limitations. Id. at 7-8.

The Commissioner argues Plaintiff's suggestion the ALJ's step two finding (only mild limitations in the ability to perform basic work activities) is inconsistent with his step four finding (ability to perform past skilled and semiskilled work) conflates the step two analysis of the ability to perform basic mental work abilities with the assessment of RFC which is a function-by-function consideration of all mental abilities. Id. at 9. She argues,

> The issue here is merely whether the ALJ properly considered Plaintiff's mental impairments when formulating the RFC, and whether that RFC finding was supported by substantial evidence. A finding of mild impairments at step two in no way mandates a finding of any limitations whatsoever in the workplace. Indeed, the Tenth Circuit has found that, given the distinction between the B criteria and the RFC assessment, an ALJ's findings relating to the B criteria do not mandate certain findings within the RFC assessment, even for moderate limitations and finding severe mental impairments.

Id. 10 (citing Bales v. Colvin, 576 F. App'x 792, 798 (10th Cir. 2014); and Beasley v. Colvin, 520 F. App'x 748, 754 & n.3 (10th Cir. 2013)) (emphases in original). She argues, "Consequently, a finding of non-severe mental impairments with only mild issues does not require the inclusion of any functional limitations in the RFC."

The Commissioner argues the ALJ considered both severe and non-severe impairments when assessing RFC and "specifically discussed Plaintiff's mental issues when evaluating the prior administrative medical findings and Dr. Gray's opinion when

formulating the RFC." (Comm'r Br. 11). She argues the ALJ appropriately relied upon Dr. Gray's opinion Plaintiff had only mild impairment with carrying out complex work when he determined Plaintiff could perform her past relevant skilled work. Id. at 12. She argues further discussion at step four about additional mental abilities needed for semiskilled or skilled work was not necessary in the circumstances present here. Id. at 13-14.

### A. The ALJ's Relevant Findings

At step two the ALJ found Plaintiff's mental impairments—panic disorder, agoraphobia, and major depressive disorder—even in combination, "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." (R. 13). In making this finding, the ALJ summarized the evidence regarding Plaintiff's mental impairments, both positive and negative, and stated his conclusion.

> In sum, while the claimant's mood was anxious, she was at times tearful, she was only able to recall one out of three words after a brief delay, and she was assessed with the above noted mental impairments, it was also noted - in contradiction to the intensity of her allegations – that her thought process was linear, that her cognition was intact, that she performed serial sevens accurately, that her level of intellectual functioning was in the low average range, that she was able to follow instructions, that she displayed adequate persistence at her consultative examination, that she was alert and oriented, that she was appropriately dressed, that her demeanor was pleasant and cooperative, that her conversational skills, eye contact, mood, and affect were normal, that her speech was coherent with a normal rate and tone, and that her insight and judgment were good. Taking the above into consideration, I find that the claimant has mild limitations in each of the "paragraph B" criteria.

(R. 14) (citations omitted).  He noted that his consideration resulted in finding Plaintiff's mental impairments not severe.  Id.  He noted that his step two and step three evaluation of Plaintiff's impairments was not an RFC assessment as used at steps four and five of the sequential process which would require a more detailed assessment.  Id.

The ALJ found the prior administrative medical findings of the Disability Determination Service consultants who found Plaintiff's mental impairments are not severe to be persuasive because they provided adequate analysis for their findings which are consistent with the longitudinal record.  Id. at 18.  He stated his consideration of Dr. Gray's opinion.

> I considered the opinion of psychological consultative examiner Bryce Gray, PsyD, who opined, for example, that the claimant has a moderate limitation in her overall functional capacity, has the ability to adapt to changes, has the ability for sustained concentration and persistence in simple and repetitive tasks, has a mild impairment in retaining information and effectively carrying out instructions that are multi-step and complex, has the cognitive ability to reason and make work-related decision, [sic] but that her medical issues hinder her.  This opinion is somewhat persuasive.  Dr. Gray examined the claimant and provided a thorough and useful report in support of his opinion.  On the other hand, to the extent that one might construe a moderate impairment in overall functional capacity as indicating a severe mental impairment, this opinion is both overly permissive in light of the longitudinal record, and internally inconsistent, as Dr. Gray went on to cite no more than mild underlying mental limitations.  The terms "moderate" and "mild are also vague, as they do not define the claimant's maximum residual functional capacity in useful vocational terms.  Thus, overall, it cannot be said that this opinion is fully consistent with the longitudinal record, as described in the analysis of the Disability Determination Services [(DDS)] consultant findings, above.

(R. 19) (citations omitted).  Finally, the ALJ noted that Dr. Hutchins's statement (that Plaintiff 's prognosis for resolution of her panic disorder and agoraphobia is poor) is not

an opinion within the meaning of the regulations and "does not equate to more than minimal work limitations," but that he had fully considered it. (R. 19).

### B.    Analysis

Central to resolution of the parties' argument is the ALJ's consideration of Dr. Gray's opinion and each party quoted Dr. Gray's "Assessment of Capabilities" in her brief. (Pl. Br. 11), (Comm'r Br. 7-8). The court reproduces that portion here:

> **Assessment of Capabilities:**
>
> There appears to be moderate impairment in [Plaintiff's] current overall functional capacity. She has good social skills and has the ability to interact with others but wants to be accompanied due to fearful [sic] something medically might happen to her.
>
> [Plaintiff] has the ability to adapt to changes.
>
> [Plaintiff] has the ability for sustained concentration and persistence in simple and repetitive tasks. [She] appears has [sic] mild impairment retaining information and effectively carrying out instructions that are multi-step and complex.
>
> [Plaintiff] has the cognitive ability to reason and make work related decisions, but her medical issues is what [sic] is hindering her. [Plaintiff] appears able to manage herself but needs assistance with some physical tasks.

(R. 609).

It is not this court's nor the parties' place in substantial evidence review to decide the "best" understanding of Dr. Gray's opinion. Rather, it is the court's duty to determine whether the ALJ's understanding is supported by the evidence. The court finds it is. The ALJ explained that if he construed the opinion as suggesting a severe mental impairment, that is contrary to the longitudinal record and is inconsistent with the rest of Dr. Gray's

9

opinion. (R. 19). As to the longitudinal record, the ALJ was relying primarily on the DDS psychological consultants' findings, the court finds nothing which would compel a different conclusion and Plaintiff points to no evidence compelling a contrary decision. As to the remainder of Dr. Gray's opinion, as the ALJ noted, Dr. Gray only opined mild mental limitations. Moreover, the ALJ noted Dr. Gray found Plaintiff's physical, not mental issues hindered her and that both "moderate" and "mild" are vague terms which do not define RFC in useful vocational terms. Id. In light of these facts and the ALJ's rationale, the court finds no error in the ALJ's evaluation of Dr. Gray's opinion, and hence, his finding Plaintiff's mental impairments are not severe at step two.

The ALJ's consideration and discussion of Dr. Gray's report is also sufficient to satisfy the required considerations in assessing RFC and the requirement of POMS DI 25020.10. Clearly, the ALJ's discussion of Dr. Gray's opinion reveals he considered Plaintiff's mental functional limitations in his RFC assessment and considered whether Plaintiff had the mental abilities to perform her past relevant work. He found that Plaintiff had only mild limitations in retaining information and carrying out instructions that are multistep and complex and had the cognitive ability to reason and make work-related decisions, suggesting abilities to understand. remember, and carry out detailed instructions and to set goals and make plans independently as noted in POMS DI 25020.010(B)(4)(b). (R. 19). He also discussed the use of terms such as mild and moderate which "do not define the claimant's maximum residual functional capacity in useful vocational terms." Id. Although his explanation could have been more detailed, the ALJ's rationale can be followed and more is not required.

This court's decisions in <u>Richard De La T.</u>, 2020 WL 6798771, at *3; and <u>Leah A.D.</u>, 2020 WL 2849475, at *5 do not require a different conclusion. In <u>Richard De La T.</u> the court noted that it may be that the claimant retained "the mental abilities to perform work as a parts manager, if any, which are greater than the basic mental abilities required to perform unskilled work, [but] this court does not know what they are and the ALJ failed to address that issue." 2020 WL 6798771, at *3. Here, as noted above, the ALJ addressed the issue and the court found that sufficient. Similarly, in <u>Leah A. D.</u> there was "no specific discussion or finding that Plaintiff has mental abilities greater than those necessary to perform basic mental work activities;" 2020 WL 2849475, at *5; but here there was. The court finds no error in the decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated August 30, 2022, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**
